[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Norwalk, Connecticut, on September 27, 1987. The plaintiff has been a lifelong resident of this state. There are no children issue of this marriage. The evidence indicates that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff is 28 years old, and the defendant is 29 years old. Both enjoy good health. Both are gainfully employed at the present time. The evidence revealed that the cause of the breakdown of this marital relationship was the behavior of the defendant towards the plaintiff. The defendant has acted in an immature and irresponsible manner during this short marriage.
The court has carefully considered the criteria set forth in Connecticut General Statutes sections 46b-62, 46b-81 and46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. The defendant shall pay to the plaintiff as periodic alimony the sum of one hundred ($100) dollars per week. The payments shall commence on Monday, November 19, 1990 and each Monday thereafter until the death of either party, the plaintiff's remarriage or for a period of three years, whichever event first occurs. A contingent wage withholding order may enter.
2. The court finds that the defendant owes an arrearage of $3,050.00 on the pendente lite alimony order. The defendant's motion to modify that order is denied. The defendant has failed to sustain his burden of proof that there has been a substantial change of circumstances since the original order was entered. CT Page 3538
The defendant shall pay the arrearage as follows:
1. the sum of $25.00 per week, commencing November 19, 1990 and weekly thereafter;
2. the sum of $600.00 on each of the following dates: December 31, 1990; January 31, 1991, and February 28, 1991.
3. The defendant shall transfer his interest in the marital residence located at 16 Lufberry Avenue, Norwalk, Connecticut, to the plaintiff. The plaintiff shall indemnify and hold harmless the defendant from any liability on the outstanding mortgage.
4. The defendant is awarded his 1983 Chevrolet truck; his 1968 Mack truck; his snowplow and frame; his roller and flat bed.
5. The defendant is awarded the proceeds from the sale of the compressor; all of his business records in the possession of the plaintiff; his personal effects, including his winter coat; his tools; the stereo, camera, crossbow and one of the Disney Dollars.
6. The plaintiff is awarded her 1985 Pontiac automobile; the desk chair in the defendant's possession; all the furniture and furnishings located at the marital residence with the exception of the items specifically awarded to the defendant, and her diamond engagement ring.
7. The defendant shall be responsible for the liabilities scheduled on his financial affidavit dated November 7, 1990. He also shall be responsible for the payment of the G. Fox debt of $250.00 and the American Express debt of $1,400.00 that are listed on the plaintiff's financial affidavit. The defendant shall indemnify and hold harmless the plaintiff from any liability for these obligations. This order is made for the purpose of freeing the plaintiff of her liability as to these past obligations so that she may properly care for herself. This indemnification is necessary for the plaintiffs continued economic welfare and accordingly, the defendant's obligation in this respect is in the nature of alimony and support.
8. The plaintiff shall be responsible for the payment of the liabilities listed on her financial affidavit dated November 6, 1990, with the exception of the G. Fox and American Express debts. She shall indemnify and hold harmless the defendant from any liability for these obligations. CT Page 3539
9. Each party shall hold the other harmless and indemnify the other as to any income taxes and related interest and penalties as to that party's income through 1990.
10. Each party shall be responsible for her and his own attorney's fees.
11. The plaintiff's maiden name, Patricia Tavella, is ordered restored
Judgment may enter accordingly.
NOVACK, J.